Shearer, J.
As to the first assignment of error we only need say that we do not perceive that plaintiff in error was prejudiced by the action of the court below in that behalf.
The second assignment raises the question whether the transaction described in the pleadings was in violation of the provisions of section 4269 of the Revised Statutes, which (so far as it is material to the present inquiry) reads as follows:
“ Section 4269. All * * notes * * * or other contracts * * * where the whole or any part of the consideration * * * * is for money, or other valuable thing whatsoever, won or lost, laid, stahed or betted, at or upon any game of any kind, or under any denomination or name whatsoever * * *, or on any wager * * * shall be absolutely void and of no effect.”
In construing this section with reference to the transaction described in the answer, the question arises as to what constitutes a bet or wager.
In Harris v. White, 81 N. Y., 539, the court say: “ A bet or wager is ordinarily an agreement between two or more, that a sum of money or other valuable thing (in contributing which all agreeing take part) shall become the property of one or some of them, on the happening in the future of an event at present uncertainAgain, in Ex parte Young, 6 Bissell, 67, it is said that “ A wager is a contract by which two or more parties agree that a certain sum of money or other thing, shall be paid or delivered to one of them on the happening or not happening of an uncertain event.” To the same effect are 44 How. Pr., 207; 1 Bosw. 212; 22 Vermont 293. Thus it' will be observed that a bet or wager, involves the elements of mutuality, risk and uncertainty, the absence of which will destroy the wagering character of a given transaction. Both parties to a bet or wager, must concur in the purpose to risk the thing laid, staked or betted, and in the intent that the same shall be won or lost upon the uncertain event or contingency.
*419 The term “Wager,” is sometime applied, popularly, to transactions of a gambling character, called “ Options,” “ Futures,” etc. Whether the phrase “ any wager,” used in the section under consideration, can”be held to include such transactions may be doubted; but the decision of the question is unnecessary here, since the contract in controversy differs in a material respect from an “option,” in that, in the latter, it is understood between the parties, from the beginning, that there, is to be no delivery of the] property dealt in; but the contract is to be settled by the payment of differences between the contract price and the market price at a given time in the future. See Dewey on Contracts, 28. In this case the oats were delivered concurrently with the execution of the note sued on.
Under the rules above stated can it be said that anything was laid, staked or betted in the transaction set forth in the answer ? Do the facts stated constitute a bet, wager or a violation of the section above quoted?
The contract between M. S'. Stewart and the company as stated in the pleadings, was that the former should purchase of the latter twenty bushels of oats at ten dollars per bushel, and execute the note sued on therefor; in consideration whereof the company was to deliver said oats, and agree and undertake, within a year thereafter, to sell for Stewart forty bushels of oats at ten dollars a bushel; and to secure the performance of such agreement was to execute to Stewart a bond conditioned accordingly. All which was done.
It seems to us quite clear that there was no risk nor uncertainty in this transaction. The sale to Stewart was absolute and accompanied by immediate delivery of the property. The agreement to sell oats for Stewart the following year was unconditional, and its performance, so far as the record shows, fully secured. There is no allegation or claim that the bond was or is worthless. For aught that appears Stewart is fully protected and has incurred no hazard. The time for the performance of the agreement to sell was fixed with reasonable certainty, and, as above stated, was to be performed, at all events. True, circumstances might. prevent performance. Stewart might not have the quantity of oats stipulated to *420 be sold for him; or the company might become insolvent and be unable to respond for any failure to observe the terms of the contract. But these are such uncertainties as characterize all business transactions, however free they may be of any suspicion or taint of illegality, and do not partake of the nature of chances in the sense in which that term is used in the law.
Bowman & Bowman, for plaintiff in error.
Oscar T. Martin, for defendant in error.
With these views, we think, the transaction is not in violation of section 4269, and that the demurrer to the second defense in the answer was properly sustained.
Other questions have been discussed by counsel; but in our view of the case it is unnecessary to consider them.
The judgment of the court of common pleas will be affirmed with costs, but without penalty; and the cause re- * manded for execution of this judgment.